IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:12-CR-291 |
| JAMIE DODSON, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 21, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Tom Gibson.

Jamie Dodson was sentenced on December 11, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Theft of Government Property, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of V, was 33 to 41 months. Jamie Dodson was subsequently sentenced to 41 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of requested financial information, no new credit, no gambling, substance abuse testing and treatment, anger management, restitution in the amount of $66,183.40 and a $100 special assessment. On April 26, 2017, Jamie Dodson completed his period of imprisonment and began service of the supervision

term. On November 26, 2018, this case was reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas. On September 19, 2019, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On January 9, 2020, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 50, Sealed]. The First Amended Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; and (2) [Defendant] is to pay restitution in the amount of $66,183.40. Any amount that remains unpaid when the defendant is placed on supervision is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross monthly income.

The Petition alleges that Defendant committed the following acts: (1) On July 17, 2018, the defendant surrendered to the Denton County Jail on an Assault Family/Violence with a Previous Conviction in Grayson County. He was released that date with a bond of $10,000.00. The incident occurred on February 15, 2018, in Tioga, Grayson County, Texas. The report states he punched his then girlfriend in the mouth after arriving at the residence intoxicated. The [sic] then left the scene and was not apprehended. On October 19, 2018, his bond was revoked by Grayson County and he was remanded. On November 16, 2018, he was released again on bond with GPS monitoring. He was reporting to Grayson County CSCD for monitoring. On December 2, 2019, the defendant pled guilty to a lesser charge of Assault Cause Bodily Injury and was sentenced to 30 days confinement in the Grayson County Jail. Grayson County Case No.: 069633. On January 2, 2019, the defendant was indicted by Grayson County for Bail Jumping and Failure to Appear, 3rd Degree Felony. Grayson County Case No. 070159. On December 2, 2019, the defendant pled guilty and was sentenced to 8 years of probation. On June 9, 2018, the defendant was alleged to

REPORT AND RECOMMENDATION – Page 2

have committed the offense of Assault Cause Bodily Injury to a Family Member in Denton County. On said date, Lewisville, Texas, Police received a call from the victim's sister stating the victim was being assaulted by the defendant. Once police arrived, they contacted the victim and her sister. They observed multiple red marks on the victims face and neck that were raised above the skin. The victim stated the defendant had accused her of cheating on him. The argument started out with verbal yelling then the defendant grabbed her around the throat and started choking her. On September 12, 2019, a Complaint and Information was filed for Denton County Case No.: CR-2019-05803-A. This case remains pending and the defendant remains in the Denton County Jail awaiting trial. An Announcement hearing is scheduled for January 21, 2020; and (2) The defendant failed to make restitution payments during the months of March, April, June, August, September, October and November 2018. Total amount paid is $325.00 with an outstanding balance of $65,958.40.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 and 2 (with the exception of the nature of noncompliance set forth in allegation 1 dated June 9, 2018, CR-2019-05803-A) of the Petition. The Government dismissed the nature of noncompliance dated June 9. Having considered the Petition and the plea of true to allegations 1 and 2 (except the nature of noncompliance set forth in allegation 1 dated June 9, 2018, CR-2019-05803-A, which was dismissed by the Government), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a total term of eighteen (18) months of imprisonment, with a term of supervised release of eighteen (18) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame; (2) You are to pay restitution totaling $66.183.40 to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If you receive an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) you must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed; (3) Any and all financial penalties must be made payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 211 West Ferguson Street, Room 106, Tyler, Texas 75702; (4) You must provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments; (5) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless

payment of any financial obligation ordered by the Court has been paid in full; (6) You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; (7) You must not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, (8) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (9) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 3rd day of March, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE